UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>LEO MYRON DICKERSON,<br><br>                Defendant. | Case No. CR21-181-RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

      This matter comes before the Court on Defendant Dickerson's Motion to Reduce Sentence. Dkt. #79. Defendant moves for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. *Id*. The Court has reviewed responsive briefing from the Government, Dkt. #81, and Defendant's reply briefing, Dkt. #81.

      In March 2022, Defendant pleaded guilty to the crime of Unlawful Possession of a Firearm. Dkt. #45. Defendant admitted that he knowingly was in possession of a firearm in violation of his supervised releasee, with two prior convictions of Unlawful Possession of a Firearm. *Id*. at ¶ 7. As part of the Plea Agreement, Defendant and the Government agreed that his conduct, with a base offense level of 14, warranted a two-level upward adjustment because the firearm in his possession was stolen. *Id*. at ¶ 8. The Government agreed to recommend a custodial sentence not greater than 60 months with Defendant free to recommend any term, but both parties agreed that the sentence should run concurrent with any sentence imposed for his pending supervised release violation. *Id*. at ¶ 10.

Applying the 2021 Edition of the Sentencing Guidelines, the Presentence Investigation Report ("PSR") calculated Defendant's Total Offense Level as 13, after full credit for acceptance of responsibility. Dkt. #58 at 4. This calculation was based on the agreed upward adjustment of two levels due to his possession of a stolen firearm. *Id*. Defendant's criminal history calculation resulted in a score of six, placing him category III. *Id*. at 8. However, due to Defendant having committed the instant offense while under a criminal justice sentence for Unlawful Possession of a Firearm, two points were added to his criminal history score. *Id*. Thus, Defendant's criminal history score was 8, placing him in category IV. *Id*. The PSR calculated Defendant's applicable sentencing range as 24 to 30 months. *Id*. However, though Defendant had some mitigating factors due to his traumatic childhood and time already served in custody (7 months) that was harsher than normal due to lockdowns and the COVID-19 pandemic, Probation recommended a sentence of 30 months in order to recognize Defendant's danger to the community as someone with a recidivist pattern of returning to criminal activity, banned associations, and continuous unlawful possessions of firearms. *Id*. at 3.

At the sentencing hearing on February 10, 2023, the government recommended a total of 60 months to cover the instant offense and the pending supervised release violation matter. Dkt. #81 at 11. Defendant recommended a sentence of 18 months. *Id*. The Court imposed a sentence of 30 months, at the high end of the Sentencing Guideline's 24-to-30-month range, to be served consecutively to a 24-month sentence for his supervised release violation, for a total sentence of 54 months. *Id*.; Dkts. #71, #72. Defendant continues to serve this sentence, with a BOP projected release date in July 2025.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including the amendment below, and has articulated the policy and proper procedure for implementing those amendments.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4.A1.1(e), providing the following:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e).  Thus, the Sentencing Commission struck the former "status points" provision of § 4A1.1(d), which previously added two points to the criminal history category computation "if the defendant committed the instant offense while under any criminal justice sentence[.]" On August 24, 2023, the Commission decreed that this change applies retroactively.

The Court agrees with the parties that Defendant qualifies for this two-level reduction on his criminal history because Defendant's criminal history score, originally calculated as 6, was enhanced by two points due to the former provision of U.S.S. G. § 4A1.1(d).  However, the Court considers the § 3553(a) factors and agrees with the Government that Defendant's sentence of 30 months should not be reduced.

The Sentencing Guidelines direct that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in

the defendant's term of imprisonment." U.S.S.G. § 1B1.10, Application Note 1(B)(ii). The § 3553(a) factors include considering the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment and adequate deterrence, and to protect the public from the defendant's further crimes. 18 U.S.C. § 3553(a). Though not mandatory, a district court has the ability to "tailor the sentence in light of other statutory concerns" while considering the § 3553(a) factors. *See U.S. v. Booker*, 543 U.S. 220, 245 (2005).

Here, Probation recommended a sentence of 30 months, despite Defendant's mitigating factors and the simplicity of his offense, to recognize the seriousness of his conduct and how dangerous Defendant is, as well as to protect the community due to Defendant's continuous practice of unlawfully owning firearms. Dkt. #59 at 3. The Government argues that Defendant's sentence should not be reduced because of "the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendants; and the need for the sentence to afford the adequate deterrence to criminal conduct and to protect the public." The Court agrees with the Government and Probation's original recommendation that these factors continue to weigh in favor of Defendant's 30-month sentence.

Having considered Defendant's Motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Dkt. #79, is DENIED.

DATED this 5th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE